| **Adversary Proceeding Cover Sheet** | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| PLAINTIFFS<br>ESTER M. HAILEY TRUST<br>BY VERA L. HAILEY, TRUSTEE | DEFENDANTS<br>JOHN DAVID HAILEY |
| ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NO.)<br><br>CARLTON LEGAL SERVICES, PLC<br>118 MacTanly Place<br>Staunton, VA  24401        (540) 213-0547 | ATTORNEYS (IF KNOWN)<br>Marshall M. Slayton, Esq.<br>Jennifer Wagoner, Esq.<br>Slayton Law, PLC<br>913 East Jefferson Street<br>Charlottesville, Virginia  22902 |

CAUSE OF ACTION (Write a brief statement of cause of action, including all U. S. Statutes involved)

Motion to Determine the Dischargeability of a Debt

**NATURE OF SUIT**
(Check the one most appropriate box only)

- ☐ 424  To object or to revoke a discharge 11 U.S.C. §727
- ☒ 426  To determine the dischargeability of a debt  11 U.S.C. §523
- ☐ 434  To obtain an injunction or other equitable relief
- ☐ 435  To Determine Validity, Priority or Extent of a Lien or Other Interest in Property
- ☐ 454  To Recover money or Property
- ☐ 455  To Revoke an order of confirmation of a Chap. 11 or Chapt. 13 Plan
- ☐ 456  To obtain a declaratory judgment relating to any of foregoing cause of action
- ☐ 457  To subordinate any allowed claim of interest except where such subordination is provided in a plan
- ☐ 458  To obtain approval for the sale both the interest of the estate and of a co-owner in property
- ☐ 459  To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498  Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only) | | | | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed Proceeding | ☐ 3. Reinstated or Reopened | ☐ 4 Transferred from Another Bankruptcy Court | |

| DEMAND<br>N/A | NEAREST THOUSAND<br>$.0.00 | OTHER RELIEF SOUGHT: Determine dischargeability of a debt | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR(S)<br>JOHN DAVID HAILEY | BANKRUPTCY CASE NO.   22-50204 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Virginia | NAME OF JUDGE<br>Honorable Rebecca B Connelly, Judge |

DIVISIONAL OFFICE    Harrisonburg, Virginia

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only)  ☒ Fee attached | ☐ Fee Not Required | ☐ Fee is Deferred |
|---|---|---|
| Date<br>8/15/2022 | Print Name<br>Roland S. Carlton, Jr., Esq. | Signature of Attorney (Or Plaintiff)<br>/s/ Roland S. Carlton, Jr. |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| IN RE:      JOHN DAVID HAILEY<br>　　　　　　*Debtor* | **COMPLAINT**<br>**MOTION TO DETERMINE THE**<br>**DISCHARGEABILITY OF A DEBT** |
| ESTER M. HAILEY TRUST,<br>by and through VERA L. HAILEY, TRUSTEE<br>　　　　　　*Plaintiff* | Case number: 22-50204 |
| V.<br>JOHN DAVID HAILEY<br>　　　　　　*Defendant* | |

COMES NOW the Plaintiff, the Ester M. Hailey Trust, by and through Vera L. Hailey, Trustee, by counsel, pursuant to 11 U.S.C. §523(a)(4) and 11 U.S.C. 523(a)(6), and pursuant to Bankruptcy Rule 7001(6), and moves the Court to enter an Order holding that the debt of approximately $24,819.87, plus interest, fees & attorney fees, to be nondischargeable, in support of which plaintiff states as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C §157 and 28 U.S.C. §1334 and this matter is a core proceeding.

2. That, pursuant to the U.S. Supreme Court Decision in Stern v. Marshall, 131 S.Ct. 2594 (2011), Plaintiff requests a final decision on the merits of this motion.

3. The Debtor John David Hailey has filed a chapter 13 bankruptcy petition on or about May 13, 2022.

4. This Court has not entered an Order confirming Debtor's chapter 13 plan.

5. Ester M. Hailey, mother of both the plaintiff and defendant, passed away on November 1, 2017. (Exhibit 1).

6.  According to the Last Will and Testament of Ester M. Hailey, Defendant John David Hailey was appointed Trustee of the Ester M. Hailey Trust created by the Will. (Exhibit 2)

7.  On or about November 9, 2018, while acting as the Trustee of the Ester M. Hailey Trust, Defendant John David Hailey withdrew $24,819.87 from the bank account of the Ester M. Hailey Trust without preparing any documentation or receipt explaining the reason for which the money was withdrawn. (Exhibit 3)

8.  The Augusta County Court, by Order entered August 2, 2019, removed John David Hailey as Trustee of the Ester M. Hailey Trust for failing, e.g., to assert a meritorious defense to the claims of the Complaint filed by Vera L. Hailey, *et al.*, in said Court. (Exhibit 4) Vera L. Hailey was appointed Trustee of the Ester M. Hailey Trust. (Exhibit 4).

9.  By and through the actions of withdrawing $24,819.87 without providing a meritorious explanation to the Augusta County Circuit Court and Vera L. Hailey, current Trustee of the Ester M. Hailey Trust, Defendant John David Hailey has committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, and, accordingly, this debt owed to Ester M. Hailey Trust should be excepted from discharge pursuant to 11 U.S.C. §523(a)(4).

10. By and through the actions of withdrawing $24,819.87 without providing a meritorious explanation to the Augusta County Circuit Court and Vera L. Hailey, current Trustee, Defendant John David Hailey has committed willful and malicious injury by the debtor to another entity or to the property of another entity, and this debt owed to the Ester M. Hailey Trust should be excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

11. Furthermore, Plaintiff should be granted relief from the automatic stay imposed by 11 U.S.C. §362 to permit Plaintiff to exercise state court non-bankruptcy options to pursue the debt set forth above subsequent to the Court holding the debt is excepted from discharge.

WHEREFORE, Plaintiff prays that the Court enter an Order holding that the debt of $24,819.87, plus interest, fees, and attorney fees, be excepted from discharge pursuant to either 11 U.S.C. §523(a)(4), 11 U.S.C. §523(a)(6), or both, and the Court further enter an Order granting Plaintiff relief from the automatic stay imposed by 11 U.S.C. §362 to permit Plaintiff to exercise state court non-bankruptcy options.

| | |
|---|---|
| Date Mailed: 8/15/2022 | /s/ Roland S. Carlton, Jr.<br>Counsel |

Roland S. Carlton, Jr., Esq.
Carlton Legal Services, PLC
118 MacTanly Place
Staunton, VA  24401
(540) 213-0547
V.S.B. #34138
rcarlton@carltonlegalservices.com

## CERTIFICATE

I, Roland S. Carlton, Jr., Esq., do hereby certify that a true and accurate copy of this Complaint Motion to Determine the Dischargeability of a Debt, was delivered by ECF and email on August 15, 2022 to:

>Marshall Moore Slayton, Esq.
>Slayton Law, PLC
>913 East Jefferson Street
>Charlottesville, VA   22902
>jerry@marshallslayton.com
>
>Jennifer Wagoner, Esq.
>Slayton Law, PLC
>913 East Jefferson Street
>Charlottesville, VA   22902
>jennifer@marshallslayton.com
>
>/s/ Roland S. Carlton, Jr.
>Roland S. Carlton, Jr., Esq.